Timothy Seaver, Esq.
Alaska Bar No. 9711092
Seaver & Wagner, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK 99501
phone: 907-646-9033
fax: 907-276-8238
email: tseaver@seaverwagner.com

Andrew M. Lebo
Alaska Bar No. 9011106
425 G Street, #920
Anchorage, AK 99501
phone: 907-276-8275
fax: 907-278-4848
email: amlebo@juno.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| IAN BORGE, BRANDON GIROUX, GARTH HITCHINGS, VICKI MARCOTT, ROSANNE METHOD, DENNIS MINSHALL, PENNY RISBY AND LAWRENCE WOOD, <br><br> Plaintiffs, <br><br> vs. <br><br><br> Getronics USA INC, and Getronics Wang Co., LLC, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT** <br> (29 U.S.C. § 201, 29 U.S.C. § 251; AS 23.05.010; AS 23.05.140) |

Plaintiffs Ian Borge, Brandon Giroux, Garth Hitchings, Vicki Marcott, Rosanne Method, Dennis Minshall, Penny Risby, and Lawrence Wood allege as follows:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This Court has personal jurisdiction over Getronics USA, Inc. and/or Getronics Wang Co., LLC ("Defendants" or "Getronics"), because both companies have qualified with the Alaska Department of Commerce to do business in Alaska and are or have recently done business in Alaska and because the acts complained of occurred in this State and gave rise to the claims alleged.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

4. The Plaintiffs are all residents of the State of Alaska and all are former employees of Getronics.

5. Defendant Getronics USA, Inc., is incorporated in the State of Delaware with its principle office address in the State of Massachusetts.

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 2 of 8
Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 2 of 8

6. Defendant Getronics Wang Co., LLC, by means of a certificate of conversion filed with the Secretary of State of the State of Delaware on August 29, 2006, converted into a corporation under the name of Getronics USA, Inc.

7. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed, and continue to employ, "employee[s]," including Plaintiffs. At all relevant times, Defendants had gross operating revenues in excess of $500,000.

## FACTUAL ALLEGATIONS

8. Plaintiffs are former Getronics technical support workers with the primary duties of providing computer maintenance and installation services for a Getronics customer following well-established company instructions and procedures.

9. Getronics unlawfully classified Plaintiffs as exempt from overtime payments under relevant federal and state laws, despite the fact that they are not exempt.

10. Defendants' practices violate the FLSA and Alaska law. Plaintiffs seek overtime compensation, liquidated damages, and other damages as permitted by applicable law, interest, and attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 3 of 8
Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 3 of 8

**(Fair Labor Standards Act 29 U.S.C. § 201 et seq.,)**

11. Plaintiffs reallege and incorporate by reference paragraphs 1 through 10 as if they were set forth again herein.

12. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

13. Plaintiffs worked overtime in excess of forty hours in a workweek for which they were not compensated.

14. By failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

15. By failing to record and preserve records of hours worked by the Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 211(c) and § 215(a).

16. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 4 of 8

Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 4 of 8

17. Plaintiffs seek recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

18. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Alaska Wage and Hour Act AS § 23.10.050)

19. Plaintiffs reallege and incorporate by reference paragraphs 1 through 18 as if they were set forth again herein.

20. Alaska law requires an employer, such as Defendants, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per week, or over eight hours per day.

21. The Plaintiffs are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

22. The Plaintiffs worked hours in excess of 40 hours per week and eight hours per day.

23. During the relevant time period, Defendants misclassified the Plaintiffs as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 5 of 8
Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 5 of 8

24. By failing to record and preserve records of hours worked by the Plaintiffs, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the Alaska Wage and Hour Act, AS 23.10.100.

25. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the Alaska Wage and Hour Act, interest, attorneys fee and costs, and such other legal and equitable relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

## (AS 23.05.140)

26. Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 as if they were set forth again herein.

27. Defendants failed to pay Plaintiffs all wages due to them upon termination as required by AS 23.05.140.

28. Plaintiffs are entitled to be paid all wages due to them upon termination in accordance with AS 23.05.140.

29. Plaintiffs are entitled to the penalty provided in AS 23.05.140(d).

## PRAYER FOR RELIEF

1. An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof and in excess of $100,000;

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 6 of 8
Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 6 of 8

2. Pre-Judgment and Post-Judgment interest, as provided by law;

3. Penalties as provided in AS 23.05.140(d);

4. Such other injunctive and equitable relief as the Court may deem just and proper; and

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 7 of 8
Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 7 of 8

5. Attorneys' fees and costs of suit, including expert fees.

## JURY DEMAND

Plaintiffs requests trial by jury on all claims presented.

DATED this 14th day of June, 2007, at Anchorage, Alaska.

Attorneys for Plaintiffs

By: s/ Timothy Seaver
Timothy W. Seaver
Alaska Bar No. 9711092
Seaver & Wagner, LLC
421 W. 1st Avenue, Suite 250
Anchorage, AK 99501
phone: 907-646-9033
fax: 907-276-8238
email: tseaver@seaverwagner.com


By: s/Andrew M. Lebo
Andrew M. Lebo
Alaska Bar No. 9011106
425 G Street, #920
Anchorage, AK 99501
phone: 907-276-8275
fax: 907-278-4848
email: amlebo@juno.com

COMPLAINT
Borge et al. v. Getronics USA Inc, et al.
Page 8 of 8
Case 3:07-cv-00105-TMB   Document 1   Filed 06/15/07   Page 8 of 8